IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua B.,[1] ) | | C/A No.: 1:21-cv-89-SVH |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | ORDER |
| Kilolo Kijakazi,[2] ) | | |
| Commissioner of Social Security ) | | |
| Administration, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

This matter is before the court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF No. 16]. On August 3, 2021, the court issued an order granting the Commissioner's motion to remand, reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remanding the action for further administrative proceedings. [ECF No. 14]. On August 26, 2021, Plaintiff filed this motion seeking $3,085.01 in attorney fees.[3] [ECF No. 16]. The Commissioner subsequently filed a response

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

[3] Plaintiff requests an attorney fee of $3,085.01 in his motion. [ECF No. 16 at 1]. In the attorney's affidavit, Plaintiff requests $3,086.10. [ECF No. 16-2 at

indicating she did not object to payment of Plaintiff's requested attorney fees.[4] [ECF No. 17]. Given Plaintiff's counsel's representations in his motion and the Commissioner's response in support of the motion and in accordance with 28 U.S.C. § 2412(d), the court grants the motion and directs the Commissioner to pay Plaintiff $3,085.01. This payment shall constitute a complete release from and bar to any further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–97 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the

---

2]. In his memorandum in support of the motion, Plaintiff requests $3,085.01. [ECF No. 16-4 at 2, 4]. Plaintiff's attorney's itemization of time reflects a total fee of $3,085.01. [ECF No. 16-9]. As Plaintiff's motion and all but one reference reflect a requested fee of $3,085.01, the court interprets Plaintiff's motion as requesting a fee of $3,085.01.

[4] Although the Commissioner's response specifically indicates she "does not oppose payment of Three Thousand, Eighty-Six Dollars and Ten Cents ($3,086.10) in attorney fees under the EAJA," ECF No. 17 at 1, the court interprets the Commissioner's response as supporting the amount of the attorney fee Plaintiff requested in his motion.

court orders the EAJA fee be paid to Plaintiff through payment to Plaintiff's counsel.[5]

IT IS SO ORDERED.

September 9, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[5] Plaintiff's counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.